UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
JUN 1 1 2015
CLERK

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 15-4109

JOE BOZIED, :

        Plaintiff, :

vs. : PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

SAFECO INSURANCE COMPANY OF :
AMERICA,
         :
        Defendant.
         :

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

     COMES NOW Plaintiff Joe Bozied, for his Complaint against Safeco Insurance Company of America, states and alleges as follows:

## Parties

1.     Plaintiff Joe Bozied ("Bozied") is, and at all relevant times was, a resident of Sioux Falls, Minnehaha County, South Dakota.

2.     Defendant Safeco Insurance Company of America ("Safeco"), is a Company organized, with its principal place of business, outside the State of South Dakota.

## Jurisdiction and Venue

3.     The court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4.     The damages at issue exceed $75,000.00.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

## Statement of the Facts

5. Bozied purchased a policy of homeowner's insurance from Safeco, which was in effect before and after June 2014.

6. In June 2014, Bozied's home was damaged in a hailstorm.

7. The hailstorm caused visible and extensive damage to Bozied's home.

8. Hail damage is a covered cause of loss under the insurance policy sold by Safeco to Bozied.

9. Bozied submitted a claim to Safeco for the hail damage to the home no later than October 2014.

10. Jeff Lindstrom was an authorized agent of Safeco at all relevant times in this case.

11. In an October 26, 2014 report, Jeff Lindstrom claimed to have inspected Bozied's home on October 25, 2014.

12. Jeff Lindstrom's report stated that Bozied's home sustained no damage from the hailstorm.

13. Jeff Lindstrom knew or recklessly disregarded the fact Bozied's home had been damaged by the hailstorm.

14. Jeff Lindstrom's report misrepresented to Bozied that there was no coverage under the insurance policy because the home had not been damaged by the hailstorm.

15. Safeco knew or recklessly disregarded the fact that Jeff Lindstrom had a predictable practice of limiting Safeco's payments to its insureds by failing to conduct a reasonable investigation.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

16. Safeco had a duty to perform a reasonable investigation of Bozied's claim.

17. Part of each premium Safeco charges includes a portion for the expenses required to properly investigate claims.

18. The insurance policy requires the insurer to conduct a reasonable investigation of an insured's claim.

19. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

20. In evaluating Bozied's claim, Safeco had a duty to give just as much consideration to his interests as it gave to its interests.

21. Safeco had a duty to assist Bozied with identifying facts that support a payment that would fully fix the home.

22. Safeco had a duty to inform Bozied of any information obtained during the investigation of Bozied's claim regardless of whether the information would result in an increase in the amount needed to fully fix Bozied's home.

23. Safeco could not eliminate its duties of good faith and fair dealing by delegating them to an agent.

24. Safeco is responsible for the investigation and evaluation of Bozied's claim by its agents.

25. Jeff Lindstrom's purported investigation on October 25, 2014, was not a reasonable investigation of Bozied's claim.

26. Safeco knew or recklessly disregarded that the investigation and conclusions of Jeff Lindstrom were biased in favor of Safeco.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

27. Safeco had no reasonable basis to believe that Bozied's home was not damaged in the hailstorm.

28. If Safeco would have performed a reasonable investigation and/or evaluation of Bozied's claim, it would have known that Bozied's home was damaged in the hailstorm.

29. Bozied disputed Jeff Lindstrom's conclusion that his home was not damaged in the hailstorm.

30. Safeco initially refused to reconsider its denial of Bozied's claim.

31. Bozied informed Safeco that based on the inspection of his roof by an experienced local roofer, the hailstorm damaged the roof of Bozied's home to such a degree that a new roof was necessary to properly fix it.

32. Safeco was given an explanation, along with an estimate, from an experienced local roofer establishing that Bozied's roof needed to be replaced in order to be properly fixed.

33. Safeco hired Donan Engineering Co., Inc., to determine whether Bozied's roof was damaged in the hailstorm.

34. In its report dated April 28, 2015, Donan Engineering Co., Inc., opined that Bozied's roof was damaged in the hailstorm.

35. Relying exclusively on the Donan Engineering Co., Inc., Safeco determined that $9,582.04 was sufficient to fix Bozied's roof.

36. Safeco did not consider Bozied's experienced, local roofer's explanation of why Bozied's roof needed to be replaced in order to be properly fixed.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

37. Alternatively, Safeco did not explain why Bozied's experienced, local roofer's explanation was rejected by Safeco in its determination that $9,582.04 was sufficient to fix Bozied's roof.

38. $9,582.04 is not enough to properly fix Bozied's home of the damage caused by the hailstorm.

39. Safeco knows or recklessly disregards the fact that $9,582.04 is not enough to properly fix Bozied's home of the damage caused by the hailstorm.

40. Safeco continues to refuse to pay Bozied the full amount owed under the policy that is needed to properly fix Bozied's home of the damage caused by the hailstorm.

41. Bozied, through his attorney, asked Safeco to produce all of the information it had with regard to Bozied's claim on several occasions as shown in Exhibit A attached to this Complaint.

42. Safeco has repeatedly refused to produce all of the information it had with regard to Bozied's claim as shown in Exhibit A attached to this Complaint.

43. Bozied, through his attorney, asked Safeco for a written explanation of why it was refusing to produce all of the information it had with regard to Bozied's claim as shown in Exhibit A attached to this Complaint.

44. Safeco has also refused to explain why it was refusing to produce all of the information it had with regard to Bozied's claim as shown in Exhibit A attached to this Complaint.

45. Safeco's claims handling process as described in this Complaint is designed to deny paying its insureds, including Bozied, the full amount owed under the insurance policy.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

46. Safeco's claims handling process as described in this Complaint is designed to delay paying its insureds, including Bozied, the full amount owed under the insurance policy.

47. As a result of Safeco's claims handling process as described in this Complaint, Bozied has been damaged as follows:

   a. Bozied has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;
   b. Bozied has experienced aggravation, fear, annoyance, frustration, distress, and inconvenience due to the wrongful denial of his claim;
   c. Bozied was forced to retain a lawyer at his personal expense.

## Count I
### (*Breach of Contract*)

48. Bozied realleges and restates paragraphs 1-47 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

49. Safeco has breached the contract of insurance with Bozied by failing to pay the full amount of benefits owed under the policy in a timely manner.

## Count II
### (*Bad Faith*)

50. Bozied realleges and restates paragraphs 1-49 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

51. Safeco intentionally or recklessly utilized a claims handling process designed to maximize its profits at its insureds' expense.

52. Safeco intentionally or recklessly utilized a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

53. Safeco intentionally or recklessly utilized a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

## Count III
### (*Unfair Trade Practices*)

54. Bozied realleges and restates paragraphs 1-53 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

55. Safeco misrepresented the terms and conditions of the policy to Bozied in the October 26, 2014 report when it claimed that Jeff Lindstrom's purported investigation on October 25, 2014, constituted a reasonable investigation.

56. Safeco misrepresented the terms and conditions of the policy to Bozied when it told Bozied that there was no coverage for the damage to Bozied's home because it was not damaged by the hailstorm based on Jeff Lindstrom's October 26, 2014 report.

57. As a result of the misrepresentation that a reasonable investigation had occurred and that there was no coverage under the insurance policy because the home had not been damaged by the hailstorm, Safeco has gained the use of money that it otherwise would not have been able to use had the misrepresentation not been made.

58. As a result of the misrepresentation that a reasonable investigation had occurred and there was no coverage under the insurance policy because the home had not been damaged by the hailstorm, Bozied was deprived of the use of the money that he otherwise would have been able to use had the misrepresentation not been made.

59. As a result of its misrepresentation of the terms and conditions of its insurance policy, Safeco is responsible for Bozied's attorneys' fees.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

## Count IV
### (*Punitive Damages*)

60. Bozied realleges and restates paragraphs 1-59 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

61. Safeco acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

## Count V
### (*Vexatious Refusal to Pay*)

62. Bozied realleges and restates paragraphs 1-61 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

63. Safeco unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award Bozied reasonable attorneys' fees as part of the costs incurred by Bozied as authorized under SDCL § 58-12-3.

## Requested Relief

WHEREFORE, Plaintiff Joe Bozied prays that this Court:

1. Enter judgment in Bozied's favor;

2. Award Bozied his damages plus prejudgment interest thereon;

3. Award Bozied his attorneys' fees and costs as allowed by law; and

4. Grant such other further relief as may be just and proper.

Civ. 15-_____
Plaintiff's Complaint and Demand for Jury Trial

## **Demand for Jury Trial**

Bozied demands a trial by jury with regard to any and all questions of fact pertaining to all claims asserted in the above-entitled matter.

Dated this 11th day of June, 2015.

        FULLER & WILLIAMSON, LLP

        */s/ Derek Nelsen*
        Derek A. Nelsen
        Eric T. Preheim
        7521 South Louise Avenue
        Sioux Falls, SD 57108
        Phone:(605) 333-0003
        Fax:   (605) 333-0007
        Email: dnelsen@fullerandwilliamson.com
               epreheim@fullerandwilliamson.com
        *Attorneys for Plaintiff Joe Bozied*