UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

JOE BOZIED,                                                                          Civil No.: 15-4109-LLP

      Plaintiff,

v.

SAFECO INSURANCE COMPANY
OF AMERICA,

      Defendant.

---

# MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Safeco Insurance Company of America ("Safeco") submits this Brief in Support of Motion for Judgment on the Pleadings on Plaintiff's Unfair Trade Practices Claim.

## I. INTRODUCTION

Pursuant to the provisions of Fed. R. Civ. P. 12(c), judgment on the pleadings should be entered in favor of Defendant on Count Three of Plaintiff's Amended Complaint, which alleges that Defendant misrepresented benefits available under the policy, presumably in violation of SDCL § 58-33-5.[1] The basis for the motion is that Count Three fails to state a claim upon which relief can be granted in that:

1. The claim fails to allege the misrepresentation of benefits with the requisite particularity required by Fed. R. Civ. P. 9(b). Plaintiff does not

---

[1] SDCL § 58-33-5 provides in relevant part, "No person shall make, issue, circulate, or cause to be made, issued, or circulated, any estimate, circular, or statement misrepresenting the terms of the policy issued . . . or the benefits or advantages promised thereby[.]"

set out the "who, what, when, where, and how" of the alleged misrepresentation.

2. The claim fails to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)(2) – it offers nothing of substance, no details; and

3. The claim fails to allege a causal connection between an alleged misrepresentation and the damages Plaintiff claims to have sustained.

## II. STATEMENT OF FACTS

### A. PLAINTIFF'S COMPLAINT

On June 11, 2015, Plaintiff filed the current action against Safeco, alleging five causes of action, four of which are extra-contractual. (*See* Complaint, Counts I-V). The Complaint essentially alleges that Plaintiff believes he is entitled to a new roof from a hail event that occurred in June of 2014, and Safeco's payment for partial rather than full roof replacement (notwithstanding the fact that its retained engineer did not believe full roof replacement was warranted) is a breach of contract. (*See, e.g.,* Complaint at ¶ 38, Count I). Plaintiff then broadly contends, without support anywhere else in the Complaint, that Safeco's adjustment of his claim is apparently part of a broader "claims handling process… designed to deny paying its insureds." (*See* Complaint at ¶ 45). Mr. Bozied fails to identify, however, *any* actual facts or conduct other than those related to the current dispute that are conceivably part of this broader "practice." [2]

---

[2] Mr. Bozied's counsel has made virtually identical "claims handling practices" allegations against other insurers as well. *See, e.g., Miller v. Metro. Prop. and Cas. Ins. Co.* (Case No. 15-4104); *Wishard v. Alliance Ins. Co.*(Case No. 15-4130). This begs the question as to whether counsel for Mr. Bozied even has the requisite "factual basis or justification" under Rule 11 to make such allegations against Safeco, *see* Fed. R. Civ. P. 11 (Advisory Committee Notes, 1993

2

364117

### B. COUNT THREE – UNFAIR TRADE PRACTICES

Though the entire Complaint lacks specificity, Count Three of the Plaintiff's Complaint makes the following allegations related to purported "misrepresentations" made by Safeco about the "terms and conditions" of its policy:

> 55. Safeco misrepresented the terms and conditions of the policy to Bozied in the October 26, 2014 report when it claimed that Jeff Lindstrom's purported investigation on October 25, 2014, constituted a reasonable investigation.
>
> 56. Safeco misrepresented the terms and conditions of the policy to Bozied when it told Bozied that there was no coverage for the damage to Bozied's home because it was not damaged by the hailstorm based on Jeff Lindstrom's October 26, 2014 report.

(Complaint at ¶¶ 55-56.) At no point in the Complaint, however, does Plaintiff articulate what actual "terms and conditions" were actually misrepresented, who within the Safeco organization made such misrepresentations, or when such misrepresentations were made.

### III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). The standard applied by courts in the Eighth Circuit to motions under Rule 12(b)(6) is also used to address motions for judgment on the pleadings under Rule 12(c). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

Amendment), or whether the allegations were simply part of a template used for "bad-faith" lawsuits. These other extra-contractual allegations shall be the subject of a separate motion.

3

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

**IV. FED. R. CIV. P. 9(b)**

Plaintiff's allegation that Safeco "misrepresented" the benefits available under the insurance policy does not meet the heightened pleading standards of Fed. R. Civ. P. 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

A claim of misrepresentation must be pled "with particularity." *See Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (for purposes of Rule 9(b), "misrepresentation is considered a species of fraud"); *Toner v. Allstate Ins. Co.*, 821 F.Supp. 276, 283 (D. Del. 1993) (Rule 9(b) requirements "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claims is not technically termed fraud"); *see also Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) ("Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity."); *Cook v. Exelon Corp.*, No. 01 C7406, 2002 WL 31133274, *5 (N.D. Ill. Sept. 26, 2002) ("9(b) applies to ERISA claims alleging misrepresentation). The purpose of the heightened pleading requirement is, *inter alia*, to give defendants notice of the claims against them (so that they may provide a meaningful defense), to protect against the reputational injury that can result

from fraud-related accusations, and to reduce the number of suits brought solely to extract a settlement. *See, e.g., U.S. ex rel. Heineman-Guta v. Guidant Corp.,* 718 F.3d 28, 36 (1st Cir. 2013); *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1101 (6th Cir. 2010); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-5 (9th Cir. 2009).

Courts have specifically applied the requirements of Rule 9(b) to alleged violations of state insurance statutes similar to SDCL § 58-33-5. *See Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F.Supp.2d 547, 557 (S.D. Tex. 2012) ("claims alleging violations under the Texas Insurance Code that are 'substantively identical' to fraud are subject to the Rule 9(b) pleading requirements"); *Tracy v. Chubb Lloyds Ins. Co. of Texas*, Nos. 4:12-CV-042-A, 4:12-CV-174-A, 2012 WL 2477706, * 7 (N.D. Tex. June 28, 2012) ("claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)"); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (same).

With regard to the heightened pleading requirements of Rule 9(b), the Eighth Circuit has stated:

> The plaintiff must plead such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.

364117

*Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 439 (internal quotations and citations omitted) (emphasis added).

Here, the sole allegations in the Complaint related to any misrepresentation of benefits available under the policy is found in paragraphs 55 and 56 as set out above. Nowhere does the Complaint identify the substance of the alleged misrepresentation or otherwise specify a false representation. It does not identify the "who, what, when, where, and how." Count Three of the Complaint fails to satisfy the pleading requirements of Rule 9(b). As such, it fails to state a claim for relief that is plausible on its face. *See Freitas*, 703 F.3d at 440.

**V. FED. R. CIV. P. 8(a)(2)**

Plaintiff's Unfair Trade Practices claim not only fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), it also fails to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

364117

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft*, 556 U.S. at 677-78 (internal quotations and citations omitted).

As demonstrated above, the Amended Complaint in this case contains nothing other than a naked, conclusory assertion that Defendant misrepresented the terms and conditions of the policy. It does not identify the substance of any alleged misrepresentation. It does not identify what was "false." It does not allege who made the misrepresentation. In short, no details are alleged. Clearly, the Unfair Trade Practices claim is not plausible on its face and does not satisfy the pleading requirements of Rule 8(a)(2).

## VI. CAUSATION

Plaintiff's Unfair Trade Practices claim fails to state a claim upon which relief can be granted for the additional reason that it fails to plead that the alleged misrepresentation proximately caused any damages.

In *Nygaard v. Sioux Valley Hosps. & Health Sys.*, 2007 S.D. 34, 731 N.W.2d 184, one of the issues before the South Dakota Supreme Court was whether claims made against several hospitals alleging deceptive acts or practices pursuant to SDCL § 37-24-6 were properly dismissed for a failure to state a claim. In addressing the issue, the court noted that the plaintiffs' civil actions were governed by SDCL § 37-24-31. *Id.* at ¶ 33. That statute provided:

7

> Any person who claims to have been adversely affected by an act or practice declared to be unlawful by § 37-24-6 shall be permitted to bring a civil action for the recovery of actual damages suffered as a result of such act or practice.

*Id.* (quoting SDCL § 37-24-31) (emphasis in original).

The South Dakota Supreme Court found that SDCL § 37-24-31 "specifically requires a causal connection between the alleged violation and the damages suffered[.]" *Id.* The court further provided that "to state a claim under SDCL 37-24-31, [the plaintiffs] must have pleaded that their economic damages were proximately caused by [one of the] alleged violations of the Act." *Id.* The court went on to affirm the dismissal of plaintiffs' claims based in part on its finding that the plaintiffs failed to state a claim of causation. *Id.* at ¶¶ 40-41.

In this case, Plaintiff's claim is based upon SDCL § 58-33-6.1, which is nearly identical to SDCL § 37-24-31, because it provides:

> Any person who claims to have been damaged by any act or practice declared to be unlawful by this chapter shall be permitted to bring a civil action for the recovery of all actual and consequential damages suffered as a result of such act or practice including reasonable attorneys' fees to be set by the court.

(Emphasis added). It must be concluded that this Unfair Trade Practices statute, like the Deceptive Trade Practices and Consumer Protection Act statute at issue in *Nygaard*, "requires a causal connection between the alleged violation and the damages suffered." *Nygaard*, 2007 S.D. 34 at ¶ 33. Likewise, in order to state a claim under SDCL § 58-33-6.1, as under SDCL § 37-24-31, Plaintiff is required to plead that his damages were proximately caused by the alleged misrepresentation. *See id.*

8

364117

The conclusion that Plaintiff is required to plead a causal connection between the misrepresentation and his damages is further supported in the insurance context by *Partain*. One of the provisions of the Texas Insurance Code at issue therein was Tex. Ins. Code § 541.05, which provided in relevant part:

> It is an unfair method or competition or an unfair or deceptive act or practice in the business of insurance to (1) make, issue or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued . . . (A) the terms of the policy [or] (B) the benefits or advantages promised by the policy.

*Partain*, 838 F.Supp.2d at 557 (*quoting* Tex. Ins. Code § 541.05). The Texas statute is substantively identical to SDCL § 58-33-5. The *Partain* court stated that a showing of causation was required under Tex. Ins. Code § 541.05. *Id.* at 561 (*citation omitted*).

Plaintiff's Complaint fails to plead a causal connection between any alleged misrepresentation and the damages claimed by Plaintiff. Plaintiff's only allegations regarding the damages they claim to have sustained are set forth at Paragraph 47 of the Complaint, which provides:

> 47. As a result of Safeco's claims handling process as described in this Complaint, Bozied has been damaged as follows:
>
> > a. Bozied has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;
> >
> > b. Bozied has experienced aggravation, fear, annoyance, frustration, distress, and inconvenience due to the wrongful denial of his claim;
> >
> > c. Bozied was forced to retain a lawyer at his personal expense.

9

364117

(Complaint at ¶ 47.)  As demonstrated above, due to Plaintiff's failure to plead the alleged misrepresentation with particularity or to otherwise go beyond mere labels and conclusions, the alleged misrepresentation is not known. Regardless, the allegations in Paragraph 47 offer no causal connection to any alleged (and unknown) misrepresentation.

The only reasonable reading of Plaintiff's Complaint is that the deprivation of "the benefits of the contract and of the timely fixing of his home" as alleged in Paragraph 47(a) was caused by Safeco's determination that the cedar shakes of Plaintiff's home were not sufficiently damaged by hail to justify paying the full amount Plaintiff demanded.[3]  Clearly, Plaintiff's claims are based on his allegation that Defendant wrongfully determined the scope of damage to the shingles, not on any alleged misrepresentation about the "terms and conditions" of the policy. This conclusion is further supported by the fact that before making the claim for damages at Paragraph 47, the Complaint neither mentions a misrepresentation nor alleges that Defendant made any false or misleading statement about the policy or its express coverages.

Moreover, Plaintiff has not alleged, nor could he, that Defendant's determination of the scope of damage determined by its consultants was a "misrepresentation" of the terms and conditions of the policy.

The same conclusion must be made with regard to Paragraph 47(b) of the Amended Complaint, which specifically alleges that the damages were "due to the

---

[3] Defendant denies the allegations of Paragraph 47 of the Complaint. (*See* Answer at ¶ 25.) However, for purposes of the motion only, Plaintiff's factual claims are accepted as alleged. *Nygaard*, 2007 S.D. 34 at ¶ 39 (citations omitted).

364117

wrongful denial of [Plaintiff's] claim." (Complaint at ¶ 47(b).) Again, there is no mention of a misrepresentation or false or misleading statement about the benefits under the policy in the Amended Complaint prior to the claim for damages in Paragraph 47. Likewise, Plaintiff has not alleged that Defendant made any false or misleading statement about the terms and conditions of the policy in "denying" Plaintiff's hail claims.[4]

"To survive a motion to dismiss, a plaintiff 'must allege causation with sufficient particularity such that [a court] can determine whether a factual basis for its claim, if proven, could support an inference of proximate cause.'" *Nygaard*, 2007 S.D. 34, ¶ 39 (*quoting First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 770 (2d Cir. 1994)). Plaintiff has not alleged it was a misrepresentation by Defendant about the terms and conditions of the policy that caused the damages he has alleged to have sustained. The Complaint is therefore insufficient to support an inference of proximate cause. As such, Count Three of the Amended Complaint alleging an Unfair Trade Practices violation fails to state a claim upon which relief can be granted.

## VII. CONCLUSION

Defendant is entitled to judgment on the pleadings on Plaintiff's Unfair Trade Practices claim pursuant to the provisions of Fed. R. Civ. P. 12(c), as the claim fails to state a claim upon which relief can be granted. The Unfair Trade Practices Claim:

> 1. fails to allege the misrepresentation of benefits with the requisite particularity under the provisions of Fed. R. Civ. P. 9(b);

---

[4] In reality, and as Plaintiff even acknowledges elsewhere, Safeco did not actually "deny" the claim, but instead paid an amount Plaintiff alleges is insufficient. (*See* Complaint at ¶ 38).

11

364117

2. fails to meet the basic pleading requirements of Fed. R. Civ. P. 8(a)(2); and

3. fails to allege a causal connection between the alleged misrepresentation and the damages Plaintiff claims to have sustained.

Therefore, Defendant respectfully requests that the Court grant its Motion for Judgment on the Pleadings on Plaintiff's Unfair Trade Practices Claim.


Dated:  August 12, 2015

BEARDSLEY JENSEN & LEE, Prof. LLC


By___*/s/ Gary D. Jensen*_____
Gary D. Jensen
4200 Beach Drive, Suite #3
P.O. Box 9579
Rapid City, SD 57709
Telephone: 605 721-2800
Fax: 605 721-2801

and

GROTEFELD HOFFMANN SCHLEITER
GORDON OCHOA & EVINGER LLP
Daniel W. Berglund (MN#0329010)
150 South Fifth Street, Ste 3650
Minneapolis, MN 55402
Telephone: 612-564-4895
Fax: 612-326-9996
dberglund@ghlaw-llp.com

*ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA*